UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTURO VALDEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PESSCO, LLC d/b/a PRODUCTION EQUIPMENT SALES & SERVICES And GEN-NAN RESOURCES & EQUIPMENT, L.P. <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> No._____ <br><br> JURY TRIAL DEMANDED |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Arturo Valdez (referred to as "Plaintiff" or "Valdez") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants PESSCO, LLC doing business as Production Equipment Sales & Services (referred to as "Production Equipment") and GEN-NAN Resources & Equipment, L.P. (referred to as "GEN-NAN") (collectively referred to "Defendants"). In support thereof, he would respectfully show the Court as follows:

## I. Nature of Suit

1. Valdez's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Valdez brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Southern Division of the Houston District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Arturo Valdez is an individual who resides in Midland County, Texas and who was employed by Defendants during the last three years.

9. PESSCO, LLC, doing business as Production Equipment Sales & Service, is a Texas company that may be served with process by serving its registered agent: Alfred E. Plunk, at 5203 North Midland Drive, Midland, Texas 79707. Alternatively, if the registered agent of PESSCO, LLC, doing business as Production Equipment Sales & Service, cannot with reasonable diligence be found at the company's registered office, PESSCO, LLC, doing business as Production Equipment Sales & Service may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. GEN-NAN Resources & Equipment, L.P. is a limited partnership that may be served with process by serving its registered agent: Alfred E. Plunk, at 5203 North Midland Drive, Midland, Texas 79707. Alternatively, if the registered agent of GEN-NAN Resources & Equipment, L.P., cannot with reasonable diligence be found at the company's registered office, GEN-NAN Resources & Equipment, L.P. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. Defendants are in the business of selling oil and gas equipment and supplies, as well as welding services to the oil and gas industry; it does business in the territorial jurisdiction of this Court.

13. Though Defendants labeled Valdez as a welder and a shop foreman/working foreman, Plaintiff's job duties were primarily manual labor in nature, welding and fabrication, requiring little to no official training, much less managerial skill or power.

14. Plaintiff's job duties included welding and fabrication of oil and gas machinery and equipment.

15. Plaintiff was employed by Defendants from approximately March 2011 to January 2018.

16. During Valdez's employment with Defendants, he was engaged in commerce or the production of goods for commerce.

17. During Valdez's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce or had employees

handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

18. During Valdez's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

19. Defendants paid Valdez on an hourly basis.

20. During Valdez's employment with Defendants, he regularly worked in excess of forty hour per week.

21. Defendants knew or reasonably should have known that Valdez worked in excess of forty hours per week.

22. Defendants did not pay Valdez overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

23. Instead, Defendants paid Valdez at his straight time rate for each hour worked over forty in a workweek.

24. In other words, Defendants paid Valdez for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

25. Defendants knew or reasonably should have known that Valdez was not exempt from the overtime provisions of the FLSA.

26. Defendants failed to maintain accurate time and pay records for Valdez as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

27. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

28.     Defendants are liable to Valdez for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

29.     All welders and shop foreman/welding foreman employed by Defendants are similarly situated to Valdez because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

30.     Valdez adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

31.     During Valdez's employment with Defendants, he was a non-exempt employee.

32.     As a non-exempt employee, Defendants were legally obligated to pay Valdez "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

33.     Defendants did not pay Valdez overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

34.     Instead, Defendants paid Valdez at his straight time rate for each hour worked over forty in a workweek.

35. In other words, Defendants paid Valdez for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

36. If Defendants classified Valdez as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the Defendants' noncompliance with the overtime requirements of the FLSA.

37. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

38. Valdez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

39. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

40. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

41. Valdez adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

43. These employees are similarly situated to Valdez because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

44. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

45. Since, on information and belief, Valdez's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

46. All employees of Defendants, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former welders and shop/working foremen who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years.

47. Defendants are liable to Valdez and all other welders and shop/working foremen for the difference between what it actually paid them and what it was legally obligated to pay them.

48. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendants owe Valdez and the members of the putative class their unpaid overtime wages for at least the last three years.

49. Defendants are liable to Valdez and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

50. Defendants are liable to Valdez and the members of the putative class for their reasonable attorneys' fees and costs.

51. Valdez has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

52. Valdez demands a trial by jury.

## IX. Prayer

53. Valdez prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Valdez and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Valdez and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF ARTURO VALDEZ**